UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| UNITED STATES OF AMERICA | ) | Crim. No. 13-mj-30013-KPN |
|---|---|---|
| v. | ) | |
| RONALD BROWN, | ) | |
| Defendant. | ) | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR PRETRIAL DETENTION OF DEFENDANT RONALD BROWN PURSUANT TO 18 U.S.C. § 3142(e)**

The United States of America, by and through its counsel, Carmen M. Ortiz, United States Attorney for the District of Massachusetts and Steven H. Breslow, Assistant United States Attorney (the "Government"), hereby submits the instant Memorandum In Support Of Its Motion For Pretrial Detention of Defendant Ronald Brown Pursuant To 18 U.S.C. § 3142(e), on the basis that the defendant is both a danger to the community and a risk of flight.

1. Preliminary Statement

The defendant Ronald Brown (the "defendant" or "Brown") is charged in a Complaint with one count of violating Title 18, United States Code, Section 2251(a) (Sexual Exploitation Of Children). (Document No. 3).

The government is authorized to request detention because the defendant has been charged with a crime of violence. See 18 U.S.C. §§ 3142(f)(1)(A) and 3156(a)(4)(C) (defining "crime of violence" for purposes of 18 U.S.C. §§ 3141-3150 as "any felony under Chapter 109A, 110, or 117"). In addition, because probable cause exists that the defendant committed a violation of Section 2251, a rebuttable presumption exists that no condition or combination of conditions can

1

reasonably ensure the appearance of the defendant as required or the safety of the community. See 18 U.S.C. § 3142(e)(3)(E) (citing 18 U.S.C. § 2251).

2. Procedural History

On February 1, 2013, the defendant was arrested on the Complaint and Magistrate Judge Kenneth P. Neiman presided over the defendant's initial appearance, where the defendant waived a preliminary hearing and requested a detention hearing. (Docket Entry No. 11, Document No. 13). The Court ordered the defendant detained until his detention hearing, which was scheduled for February 5, 2103. (Document No. 14).

3. Factual Background

    a. The Defendant's Prior Sex Offense

Brown is currently 50 years old and a registered Level 2 sex offender. Affidavit of Ian Smythe sworn to on January 31, 2013 ("Affidavit"), ¶ 43 (Document No. 9).

According to Brown's criminal history report, on March 24, 1995, Brown was convicted and sentenced for three crimes in two separate cases:

> i. Brown was convicted in Litchfield Judicial District Court Docket No. CR94-83667 of one count of sexual assault in the second degree in violation of Conn. Gen. Stat. Section 53a-71 and sentenced to ten years in jail with five years to serve and five years of probation, and of one count of delivering liquor to a minor in violation of Conn. Gen. Stat. Section 30-86 and sentenced to one year in jail (suspended and concurrent) and two years of probation.
>
> ii. Brown was convicted and sentenced in Litchfield Judicial District Court Docket No. CR94-84537 with one count of tampering with a witness and was sentenced to three years in jail (suspended and concurrent).

Id., , ¶ 41.

According to records of the Connecticut Judicial Department, Office of Adult Probation, between August 23 to 26, 1994, Brown had sexually assaulted a twelve year-old minor male at a campground in North Canaan, Connecticut after providing him liquor. According to the minor's complaint, while the minor was sleeping in their tent, Brown pulled down the minor's shorts and underpants and inserted his finger into the boy's anus and then threatened him by saying "if you tell anyone I'll come get you. I know where you live." In a later incident, Brown threw the boy to the ground and grabbed his penis; according to a subsequent medical examination, the boy had abrasions on his penis and cuts on his shins and hands. On approximately December 6, 1994, Brown called the boy and stated "I'm going to kill you, you're a dead motherfucker." The defendant entered pleas of *nolo contendere* to his offenses of conviction. Id., ¶ 42.

    b.    <u>The Instant Offense</u>

On or about December 23, 2012, Brown met a sixteen-year old minor male ("Minor A") on a website called silverdaddies.com. Id., ¶ 49(a). Brown engaged Minor A in a long series of texts, chat sessions, and e-mails, many of which involved explicit sexual communications. Id., ¶¶ 49(a)-(e), 53-60. On or about January 8, 2013, Brown viewed Minor A masturbating online through Skype, and on that same day, Brown received a photograph from Minor that depicted Minor A displaying his penis. Id., ¶¶ 49(f), 65(b), 68(c), 69.

Brown also arranged for Minor A to run away from home so that they could live with each other at Brown's Williamstown home as romantic partners. To that end, Brown purchased a one-way airline ticket for Minor A to fly from Minor A's home to Newark, New Jersey, sent Minor A $150 for traveling expenses, and instructed him to erase files on his computer and to have the taxicab pick him up away from his house. Id., ¶¶ 49(h)-(i), 61-62.

On January 19, 2013, Minor A ran away from home and flew to Newark, where Brown met him. Brown then drove Minor A into New York State, where they engaged in sex, before they continued toward Massachusetts. Ultimately, Brown was stopped by the police, which had been alerted to Minor A's disappearance. Id., ¶¶ 49(h)-(i), 70-71, 47-48.

4. Legal Standard

Under the Bail Reform Act of 1984, pretrial detention is required if the Court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The judicial officer must find either (1) by clear and convincing evidence, that the defendant is a danger to the community or (2) by a preponderance of the evidence, that the defendant poses a risk of flight. 18 U.S.C. § 3142(f).

Under Section 3142(e), if the court finds that there is probable cause to believe that a person committed a violation of sexual exploitation of children, then a rebuttable presumption arises in favor of the defendant's pretrial detention. 18 U.S.C. § 3142(e)(3)(E). As courts have recognized, even "[p]ossessing such images and making them available for distribution to others is justifiably recognized as a crime of violence." United States v. Nicholson, CR-06-750-PHX-DGC, 2006 U.S. Dist. LEXIS 67387, *4 (D. Ariz. Sept. 19, 2006); see United States v. Davila Sanchez, Crim. No. 06-223(M), 2006 WL 1236776, at *1 (D. P.R. May 5, 2006) (stating that child pornography constitutes a crime of violence entailing a danger to the community); United States v. Abraham, Crim. No. 05-344, 2006 WL 3145993, at *1 (W.D. Pa. Oct. 31, 2006) (same) (collecting cases).

When faced with the rebuttable presumption, the defendant has the burden of production to "come forward with evidence that he does not pose a danger to the community or a risk of flight.

4

United States v. Mercedes, 254 F.3d 433, 436 (2nd Cir. 2001). "Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." Id.; United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003); United States v. Jessup, 757 F.2d 378, 380-84 (1st Cir. 1985) (abrogated on other grounds).

Title 18, United States Code, Section 3142(g) outlines factors permitted to be considered by the judicial officer in determining whether to order pre-trial detention:

> [I]n determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, [the judicial officer shall] take into account the available information concerning–
>
> (1)  The nature and circumstances of the offense charged, including whether the offense is a crime of violence . . .;
>
> (2)  the weight of the evidence against the person;
>
> (3)  the history and characteristics of the person, including
>
> > (A)  the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> >
> > (B)  whether, at the time of the current offense or arrest, the person was on probation, on parole or on other release pending trial, sentencing, appeal, or completion of a sentence for an offense under Federal, State, or local law; and
>
> (4)  the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

At the detention hearing, "the rules concerning admissibility of evidence in criminal trials

do not apply to the presentation and consideration of information." 18 U.S.C. § 3142(f). The facts the court uses to support a finding pursuant to Section 3142(e) that no condition or conditions will reasonably assure the safety of any other person and the community must be supported by clear and convincing evidence. Id.

5.  The Defendant Must Be Detained

The defendant must be detained pre-trial because no conditions or combination of conditions will reasonably assure the safety of the community and/or the appearance of the defendant as required.

    a.  The Defendant Is A Clear Danger To The Community.

        i.  Nature And Circumstances Of The Offense

First, the defendant is charged with sexual exploitation of children, which is a "crime of violence" and which is subject to the rebuttable presumption in favor of detention. See 18 U.S.C. §§ 3156(a)(4)(C) and 3142(e)-(f)(1)(A). As the Eighth Circuit explained, "Detaining adults who prey on children for the adult's sexual gratification or for the production of child pornography is also a legitimate government objective. One of the fundamental duties of government is public safety, including protecting children from sexual predators." Abad, 350 F.3d at 797.

Second, the defendant exploited Minor A in a variety of ways: first, by grooming him online through a series of chats, texts, and e-mails; second, by inducing him to transmit live video of a masturbation session; third, by inducing him to send at least one photograph of himself displaying his penis, which the defendant then stored on his laptop; fourth, by surreptitiously enticing the defendant to leave his home and travel interstate for the purpose of engaging in criminal sexual conduct; and fifth, by actually engaging in such criminal sexual conduct in New York State.

6

Fourth and perhaps most shockingly, the defendant engaged in all of this misconduct after a prior conviction for sexually abusing a minor (for which he received a sentence of five years in prison and five years of probation), and while a registered sex offender.

### ii. The Weight Of The Evidence

The Government has amassed overwhelming evidence of the defendant's guilt, including: Minor A's first-hand account; numerous text messages, chats, and e-mails exchanged between Brown and Minor A; the defendant's own Mirandized and recorded statements, including both incriminating admissions and falsely exculpatory denials; and forensically recovered images of Minor A on the defendant's laptop.

### iii. The Defendant's History And Personal Characteristics

The defendant's history and personal characteristics support detention since he has demonstrated, beyond cavil, that he sexually interested in children and unable to conform his behavior. As set forth above, the defendant was previously convicted of sexually abusing a minor and, even after receiving a substantial punishment for that offense, the defendant has clearly recidivated.

As courts have recognized, "The recidivist's relapse into the same criminal behavior demonstrates his lack of recognition of the gravity of his original wrong, entails greater culpability for the offense with which he is currently charged, and suggests an increased likelihood that the offense will be repeated yet again." United States v. De Luna-Trujillo, 868 F.2d 122, 125 (5th Cir. 1989) (holding that the similarity between the defendant's prior offense and his instant offense provided a reason to enhance a criminal sentence under § 4A1.3); United States v. Chavez-Botello, 905 F.2d 279, 281 (9th Cir. 1990) (same); see United States v. Merino, 44 F.3d 749, 756 (9th Cir. 1994) (holding that district court properly considered defendant's

7

repeated commission of the same offense, which made a mockery of the system of justice).

> iv. The Defendant's Sexual Interest In Children
> Poses A Clear Danger To The Community

"The prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance." New York v. Ferber, 458 U.S. 747, 757 (1982). Here, the community cannot simply tolerate the obvious risk that the defendant, who has clearly recidivated in sexually exploiting children, would harm another child. As one court noted, "it is common [for pedophiles] to continue their aberrant conduct even in the face of warnings." United States v. Cocco, 604 F. Supp. 1060, 1063 (M.D. Pa. 1985).

Further, inexorable evidences in computer and internet technology, such as wireless access, make such offenses progressively easier, and thus harder to thwart. Noting the prevalence of internet access, one court found by clear and convincing evidence that even "confined to his home and electronically monitored, Defendant would not be prevented from obtaining the means to access the internet and attempting again to obtain child pornography and in this poses a danger to children and the community." United States v. Blankenship, 2008 W.L. 1925137, *5 (S.D.W.Va. April 20, 2008). United States v. Schenberger, 498 F. Supp. 2d 738, 744-45 (D. N.J. 2007) (noting that "[e]ven if the defendant could somehow be prohibited from viewing or exchanging images of child pornography, it is difficult to conceive of measures that could confidently assure that defendant would not communicate with others and encourage the distribution of child pornography and related illicit activities."). As another court observed:

> [T]here are no conditions of release which can effectively eliminate
> this type of activity, since access to the internet is so universal . . . .
> Defendant's release would endanger the community by allowing
> him to continue trafficking in child pornography. It is not possible
> to formulate conditions of release which would completely deprive
> such a defendant of the ability to possess or attempt to possess

> additional pornography, "or to communicate and interact with (via email, internet, or phone) others involved in the possession, sale, and distribution of child pornography or other sexual abuse of children, which would also create a clear danger by facilitating the criminal and dangerous exploitation of children by other individuals."

United States v. Falcon, Cr. No. 06-60080-01, 2007 U.S. Dist. LEXIS 44358, *12-13, 15 (W.D.La. June 18, 2007) (quoting United States v. Reiner, 468 F.Supp.2d 393, 397 (E.D.N.Y. 2006)).

Here, this danger is even highly pronounced, as the defendant did not simply use the Internet to acquire child pornography, but to locate a minor, produce child pornography from him, and to entice him to travel interstate for the purpose of engaging in direct sexual conduct. The defendant must therefore be detained. See, e.g., United States v. Whitty, No. Cr. 06-30BW, 2006 W.L. 980754,*2 (D. Me. April 10, 2006) (observing that "electronic monitoring may reveal where Mr. Whitty is, but not who he is with.").

In United States v. Davila Sanchez, Crim. No. 06-223(M), 2006 WL 1236776, at *1 (D. P.R. May 5, 2006) the court detained a defendant who was 74 years old, legally blind, and unable to drive an automobile, noting his release "poses a grave risk to the safety of the community, in particular that of minor children, notwithstanding his age and visual handicap." Here, the defendant poses an even greater risk, since he is younger and more capable.

B.  The Defendant Poses A Risk Of Flight

The severity of punishment is a factor this Court must consider in assessing the defendant's risk of flight. United States v. Castiello, 878 F.2d 554 (1st Cir. 1989). Because the defendant was previously convicted of sexually abusing a minor, the defendant faces a mandatory term of life imprisonment if convicted of the Section 2251 violation charged in the Complaint. 18 U.S.C. § 3359(e)(1) (stating that "[a] person who is convicted of a Federal sex offense in which a minor is

9

the victim shall be sentenced to life imprisonment if the person has a prior sex conviction in which a minor was the victim, unless the sentence of death is imposed.") and 3359(e)(2)(A) (defining "Federal sex offense" to include violations of Section 2251).

Given the statutorily mandated incarceration period, the defendant may well view flight as his only option to avoid spending the remainder of his life behind bars.

6.   The Position Of The Victim

The mother of Minor A has submitted the following statement in support of her request for detention:

> My son was enticed over the course of several months to run away from home and travel over 1000 miles to be with Mr. Brown. This man was very sneaky and calculating. He mailed multiple packages at various times containing cell phone, money and external hard drive all as aids for my son to leave home. Mr. Brown knew that what he was doing was wrong and illegal but it did not stop him. I fear if Mr. Brown were allowed out of jail he would attempt or worse yet make contact with my son or another child like my son and like all sneaky people they get better with practice, next time he may not be caught.

7.   Conclusion

Based on the foregoing, the defendant should be detained pending trial because he poses a danger to the community and is a risk of flight.

           Respectfully submitted,

           CARMEN M. ORTIZ
           UNITED STATES ATTORNEY

     By:   */s/ Steven H. Breslow*
           STEVEN H. BRESLOW
           Assistant U.S. Attorney

CERTIFICATE OF SERVICE

Hampden, ss.                                    Springfield, Massachusetts
                                                February 5, 2013


     I, Steven H. Breslow, Assistant U.S. Attorney, hereby certify that the foregoing was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.


                                               */s/ Steven H. Breslow*
                                               STEVEN H. BRESLOW
                                               Assistant United States Attorney