UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ] | Docket No. 13-mj-30013 (KPN) |
| - against - ] | |
| RONALD BROWN, ] | |
| Defendant ] | |

## MOTION FOR RELEASE ON BAIL

The Defendant, RONALD BROWN, by and through counsel, Lori H. Levinson, hereby moves that this Court modify the Order of Detention entered by the Honorable Kenneth P. Neiman on February 5, 2013. Defendant respectfully requests that he be released on a $25,000 unsecured bond with the conditions that of home confinement with electronic monitoring and that he have no contact with minors under the age of eighteen.

As grounds therefore, the Defendant states that on February 1, 2013, the government filed a Motion for pretrial detention, arguing that the Defendant posed a risk of flight and presented a danger to the community. Defendant was held temporarily pending a hearing on the government's motion, and on February 5, 2013, the Court conducted a non-evidentiary detention hearing, after which Defendant was ordered held without the right to bail based on the following factors: "(a) Defendant's prior record of similar offenses, (b) his previous inability to follow rules set by the state court with regard to release . . . , (c) the fact that the instant charges arose while Defendant was a registered sex offender, (d) his attempt to deny the age of the minor victim when first confronted by police, and (e) the limits to which the court can guarantee that Defendant not have access the internet [sic]." *See* Criminal Docket for Case #3:13-mj-30013-KPN ¶19. The Court specifically found that "the court does not believe that Defendant poses a risk of flight . . . .). *Id*.

Addressing each of the Court's concerns *seriatim,* Defendant argues that:

(a) he has only one prior "similar" offense on his record, resulting from a plea of *nolo contendere* to two charges in the State of Connecticut – sexual assault in the second degree (sexual assault of a minor) and delivering alcohol to a minor, both arising out of the same alleged incident. This incident was factually dissimilar to the instant case, as it involved the alleged non-consensual sexual contact. In the case at bar, the minor alleged to have been the victim was a more-than-willing participant in the activities giving rise to the charges and was, in fact, based on a review of

communications between the Defendant and the minor, extremely sexually aggressive in his communications with the Defendant.

Accordingly, the Defendant argues that the prior conviction and the instant offense were not "similar" and should not be a basis for detention;

(b) Defendant's alleged "previous inability to follow rules set by the state court with regard to release," in that following his incarceration on the above-mentioned charges, the Defendant allegedly violated the terms of his probation when a minor under the age of eighteen who worked with Defendant at the KB Toys Warehouse Distribution Center in Berkshire County, Massachusetts needed a place to stay. Defendant's family, including himself, his father and his mother allowed that individual to stay at their house when the minor's mother asked the Brown family if they could put her son up for a period of time because his home-life with his own family was not a good living situation. Because the individual was under the age of eighteen, his living with Defendant's family constituted a technical violation of probation.

Other than the technical violation of probation described above, Defendant abided by all rules of probation, including attending a sex offender program from May, 1998 until he was violated on probation, and again from his release from the violation in October, 1999 until the Spring of 2004 (although his probation had expired in 2003 and he was no longer required to participate). He was in full compliance with all other conditions of probation;

(c) "the fact that the instant charges arose while Defendant was a registered sex offender." While it cannot be denied that the Defendant was a registered sex offender at the time the instant charges arose, a review of the communications between the Defendant and the alleged victim herein reveals that both the Defendant and the alleged victim believed that their actions were not unlawful, as they had both researched the age of consent in Massachusetts and Oklahoma, the home state of the minor, and had determined, mistakenly, that their actions were not unlawful. Although mistake of law is not a defense to the instant charges, Defendant did not believe that he was committing a crime when he and the minor decided to have the minor travel to Massachusetts to live with the Defendant;

(d) Defendant's "attempt to deny the age of the minor victim when first confronted by police" should not be a basis for detention on the grounds that he presents a danger to the community. Defendant was under no legal obligation to speak with any law enforcement officers, but willingly agreed to talk with investigators to explain his actions. While initially denying the age of the minor, he then fully and completely cooperated with police investigators, meeting with officers on more than one occasion, first consenting to a video-recorded interview and search of his computers and then on

a subsequent date, consenting to an audio recorded interview. During his interviews, Defendant was candid and admitted to much of the conduct he was questioned about.

Accordingly, Defendant's initial attempt to deny knowledge of the age of the minor should not be a basis for detention on the theory that Defendant presents a danger to the community;

(e) "the limits to which the court can guarantee that Defendant not have access the internet." The Defendant would agree to abide by any and all conditions of release deemed appropriate by this Court. An order to have no contact with minors under the age of eighteen would be appropriate, and could be monitored by the Probation Department by random in-person inspections. Further, although Defendant would object to restrictions on his ability to access any internet sites, particularly those that would be helpful and/or necessary in preparing his defense, on information and belief, the Probation Department could place restrictions of the kind of web-sites that Defendant would be able to access by using a "parental control" program.

Therefore, Defendant submits that potential access to the internet should be sufficient to deny his release on conditions pending resolution of the charges.

    As already noted by this Court at the conclusion of the February 5, 2013 detention hearing, Defendant does not pose a risk of flight. It is respectfully submitted that neither does he present a danger to community if supervised on home detention with electronic monitoring with conditions concerning contact with minors.

    It is extremely important for Defendant to have access to his house during the pendency of the charges against him. He owns a home in Williamstown, Massachusetts, where he has lived almost his entire life. Since his arrest on the instant charges, Defendant has been relying on two friends to stay at the house to keep up the maintenance of the house, including bill-paying, assuring the property is not vandalized and stays in good repair. Additionally, Defendant has 3 cats and 2 dogs living in the house, and it is very burdensome others to expect them to absorb all of the hard work necessary to maintain the household and pets.

    Finally, Defendant suffers from diabetes, has severe back issues, and cannot receive the kind of medical care necessary to maintain and monitor his chronic health issues while incarcerated.

    Accordingly, for all of the reasons stated herein, the Defendant respectfully requests that this Honorable Court grant his Motion for Release on Bail.

Respectfully submitted,

*/s/  Lori H. Levinson*
Lori H. Levinson, Esq.
**The Law Office of Lori H. Levinson, PC**
500 Main Street, Suite 2
Great Barrington, MA  01230
(413) 528-2355
(413) 528-23415 (Facsimile)

June 5, 2013

## CERTIFICATE OF SERVICE

I hereby certify that the Defendant's Motion for Reconsideration of Bail filed through the ECF system will be sent electronically and by first class mail to the registered participants as identified on the Notice of Electronic Filing (NEF).

Respectfully submitted,

*/s/   Lori H. Levinson*
Lori H. Levinson, Esq.
**The Law Office of Lori H. Levinson, PC**
500 Main Street, Suite 2
Great Barrington, MA  01230
(413) 528-2355
(413) 528-23415 (Facsimile)

June 5, 2013